■ In the Matter of the Arbitration between AIMCEE WHOLESALE CORPORATION, Appellant, and TOMAR PRODUCTS INC., Respondent.— Order, entered October 26, 1965, denying a petition to stay arbitration of a counterclaim interposed in a pending arbitration by respondent Tomar Products, pursuant to article 75 of CPLR, unanimously affirmed, with $30 costs and disbursements to respondent-respondent. Petitioner-appellant Aimcee misconceives the rule staying arbitration when issues of illegality are raised. Such issues are available for preliminary submission to the court (as distinguished from the arbitrators) to one resisting an arbitration on the ground that the illegality

nullifies the agreement to arbitrate and are not available to one who is seeking arbitration. That was the situation and the purport of the discussion in *Durst v. Abrash* (22 A D 2d 39, affd. 17 N Y 2d 445). The court's function is a limited one, namely, to pass on whether there is a valid agreement to arbitrate (CPLR 7503, subd. [a]; *Matter of Exercycle Corp. [Maratta]*, 9 N Y 2d 329, 334–335). No one claims otherwise in this case, and no one is resisting arbitration, except that petitioner would censor some of the claims to be presented to the arbitrators. The situation would be quite different if respondent Tomar Products (or petitioner Aimcee) were resisting arbitration on the ground that the agreement, including the arbitration clause, was tainted by illegality under the Donnelly Act (General Business Law, § 340). But neither party can claim or accept arbitration under an agreement and then contend that, because of some alleged illegality, an offset or recoupment, otherwise subject to the arbitration clause and otherwise a proper counterclaim, may not be asserted before the arbitrators. Concur — Breitel, J. P., Rabin, McNally, Steuer and Capozzoli, JJ.